UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

GRAHAM HANSON DESIGN LLC,

                Plaintiff,

                                                  Opinion & Order
        -against-                                10 Civ. 5493 (KMW)

511 9TH LLC and SOLLY ASSA,

                Defendants.
_____

WOOD, U.S.D.J.:

        Plaintiff Graham Hanson Design LLC ("Plaintiff") brings this action against 511 9th LLC ("511") and Solly Assa ("Assa") (collectively, "Defendants"), and makes out the following claims for relief: (1) copyright infringement; (2) breach of contract; (3) account stated; (4) quantum meruit; (5) unjust enrichment; and (6) conversion.

        Defendants move to dismiss the claim for copyright infringement pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Defendants argue that, because they "have an implied[,] non-exclusive license" to use the work product at issue, Plaintiff's claim for copyright infringement fails as a matter of law. (Def. Mem. at 1.) In the event that the copyright infringement claim is dismissed, Defendants move to dismiss the action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)"). In the alternative, Assa moves to dismiss the copyright infringement claim against him pursuant to Rule 12(b)(6), arguing that Plaintiff has alleged insufficient facts to pierce the corporate veil.

        For the reasons stated below, Defendants' motion is denied in its entirety.

I.Background

The following facts are drawn from Plaintiff's Complaint, and are taken as true for the purposes of Defendants' Rule 12(b)(6) motion. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court examines only those facts relevant to the instant motion.

Plaintiff, a design agency, is "active in all areas of strategic design, including corporate identity, branding, print communications and advertising, web design and development, electronic presentations and other interactive media . . . ." (Compl. ¶ 9.)

Defendant 511 is a limited liability company organized under New York law, with a principal place of business in New York City. (Id. ¶ 5.) Defendant Assa is "a member of 511 . . . ." (Id. ¶ 6.)

In approximately January 2007, 511 retained Plaintiff to design a promotional campaign for a condominium development. (Id. ¶ 10.) The terms of the engagement were memorialized in a contract dated on or about January 7, 2007 ("Contract"). (Id. ¶ 12.) The Contract was executed by both Plaintiff and 511.[1] (Id.) Plaintiff registered copyrights with the U.S. Copyright Office for certain properties it developed pursuant to the Contract, including a website, various promotional materials, and a logo ("Work Product"). (Id. ¶ 22.) The Contract provided that Plaintiff "shall own all right, title, interest and proprietary right of every kind to all drawings, artwork, models and other physical embodiments of its work" until "outstanding sums are paid" to Plaintiff. (Id. ¶ 23. See also id. ¶ 3.) The Contract also provided that 511 would pay Plaintiff's service fees, and reimburse Plaintiff for any expenses. (Id. ¶ 11.)

---

[1] Plaintiff has attached to the Complaint neither a copy of the January 7, 2007 Contract, nor a copy of the final, executed Contract.

Pursuant to the Contract, Plaintiff developed and designed the Work Product and other materials.  (Id. ¶¶ 1, 13.)  Plaintiff billed 511 for these services, but 511 "refused to pay at least five [invoices]."  (Id. ¶¶ 1, 15-20.)  Defendant 511 owes Plaintiff $95,254.11, exclusive of an agreed-upon service charge for overdue payments.  (Id. ¶¶ 14, 21.)  Despite its failure to pay the invoiced amounts, 511 "has used [Plaintiff's Work Product] continuously since it was developed by [Plaintiff]."  (Id. ¶ 25.  See also id. ¶ 3.)

Plaintiff filed its Complaint on July 20, 2010.  (Dkt. Entry No. 1.)  Plaintiff alleges that Defendants are liable for, inter alia, "direct, contributory and vicarious copyright infringement for the unauthorized use of various copyrighted materials, including . . . the [Work Product]."  (Compl. ¶ 2.)  Plaintiff alleges that both Defendants "have exploited" the Work Product "for commercial gain without securing the rights to use the[se] materials."  (Id. ¶ 28.)  Plaintiff further alleges that Defendant Assa "aided and assisted [511] in the unauthorized exploitation" of the Work Product "for his own financial gain."  (Id. ¶ 29.  See also id. ¶ 6 ("Assa . . . was directly involved in the misappropriation of [Plaintiff's] intellectual property . . . .").)

Plaintiff contends that, because it asserts a claim under the Copyright Act, 17 U.S.C. § 101, et seq., subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338.  Plaintiff alleges that the Court has supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

Defendants filed the instant motion on August 26, 2010.  (Dkt. Entry No. 9.)

II.   Legal Standard

In order to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead sufficient factual allegations "to state a

claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, -- U.S. --, 129 S.Ct. 1937, 1949 (2009).  The Court must accept as true all well-pleaded factual allegations in the complaint, and "draw[ ] all inferences in the plaintiff's favor." Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotations omitted).

"A motion to dismiss is often not the appropriate stage to raise affirmative defenses," which may be "riddled with questions of fact which the Defendants must establish in order to bar [Plaintiff's] claims . . . ." Ortiz v. City of N.Y., No. 10 Civ. 3576, 2010 WL 5116129, at *1 (E.D.N.Y. Dec. 13, 2010) (internal citation and quotations omitted).  Nonetheless, an affirmative defense may properly be raised on a motion to dismiss so long as the defense is based on facts alleged in the complaint. Id. (citing McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004); Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).)  See also 5B Charles Alan Wright, Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004) ("[T]he complaint . . . is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy; but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion.")

III.     Discussion

     A.     Extrinsic Materials Submitted on a Rule 12(b)(6) Motion

Defendants have, on the instant motion, submitted two declarations, as well as two exhibits: a contract which is purportedly the same Contract referenced in Plaintiff's Complaint, and proofs of payments to Plaintiff in the amounts of $5,000.00 and $13,771.11.

1. Applicable Law

When ruling on a dismissal motion, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation and citation omitted). See also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). Courts have two options when presented with matters outside the pleadings on a motion to dismiss: (a) exclude the extrinsic material; or (b) convert the motion to one for summary judgment. See Fed. R. Civ. P. 12(d); Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002).

2. Application of Law to Facts

The Court declines to consider the extrinsic material submitted by Defendants.

As a preliminary matter, Defendants' declarations are beyond the four corners of the Complaint, and are thus inappropriate for consideration on a motion to dismiss. See, e.g., Simone Dev. Corp., 602 F.3d at 64.

The exhibits annexed to the declarations likewise may not be considered at this juncture. Defense Exhibit B, which is annexed to the Migliaccio declaration (Dkt. Entry No. 10), is purportedly "a true and correct copy of the Contract between the parties that is quoted in the Complaint." (Migliaccio Decl. ¶ 3.) The Court could properly consider the

contract contained at Exhibit B ("Exhibit B Contract") if it were, in fact, the same Contract referenced by Plaintiff in the Complaint. See Simone Dev. Corp., 602 F.3d at 64. On the current record, however, the Court cannot make this determination: the Contract referenced in the Complaint was "dated on or about January 7, 2007 . . . ." (Pl. Compl. ¶ 12), but the Exhibit B Contract is dated both January 4, 2007 and January 7, 2007 (Migliaccio Decl. Exh. B at 1, 2). In any event, because the Exhibit B Contract is not executed by both parties, the Court declines to consider it. See, e.g., Chambers, 282 F.3d at 154 n.5 (citing cases).

Defense Exhibit A is similarly improper for the Court's consideration on a Rule 12(b)(6) motion. This exhibit, which is annexed to the Goodrow declaration (Dkt. Entry No. 16), purports to contain "proofs of payment for . . . $5,000.00 and . . . $13,771.11 made from 511 to Plaintiff." (Goodrow Decl. ¶ 3.) Such material is outside the four corners of Plaintiff's Complaint, and is thus inappropriate for consideration on the instant motion. See, e.g., Chambers, 282 F.3d at 154.

    B.    Defendants' Implied License Affirmative Defense

Defendants argue that, because they have an implied, non-exclusive license to use Plaintiff's Work Product, the claim for copyright infringement must be dismissed.

    1.    Applicable Law

The existence of a license is a defense to a copyright infringement claim. Tasini v. N.Y. Times Co., Inc., 206 F.3d 161, 170-71 (2d Cir. 2000); Agence France Presse v. Morel, No. 10 Civ. 2730, 2011 WL 147718, at *5 (S.D.N.Y. Jan. 14, 2011); Powlus v. Chelsey Direct, LLC, No. 09 Civ. 10461, 2011 WL 135822, at *3 (S.D.N.Y. Jan. 10, 2011). "Where the dispute turns on whether a license is held by the accused infringer, the

defendant bears the burden to come forward with evidence of a license." Morel, 2011 WL 147718, at *5 (internal quotations omitted) (alteration omitted).

An implied, nonexclusive license will be found only where (a) one party (the licensee) requests the creation of the work; (b) the creator (the licensor) makes that particular work; and (c) the licensor delivers the work to the licensee, intending that the licensee copy and distribute it. See SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc., 211 F.3d 21, 25 (2d Cir. 2000); Coach, Inc. v. Kmart Corps., No. 10 Civ. 1731, 2010 WL 4720325, at *3 (S.D.N.Y. Nov. 16, 2010); Ulloa v. Universal Music and Video Distrib. Corp., 303 F. Supp. 2d 409, 416 (S.D.N.Y. 2004).

### 2.  Application of Law to Facts

The factual allegations in the Complaint are insufficient to support Defendants' implied license defense. The allegations fail to demonstrate that Plaintiff (the purported licensor) delivered the Work Product to Defendants (the purported licensees), intending that Defendants use it. See, e.g., Watson Pharm., Inc., 211 F.3d at 25; Coach, Inc., 2010 WL 4720325, at *3; Ulloa, 303 F. Supp. 2d at 416. That is, the Complaint lacks any factual allegations by which this Court can determine (a) how Defendants came to possess the Work Product, or (b) whether Plaintiff intended that Defendants use the Work Product prior to payment in full. Defendants may, of course, raise the implied license defense on summary judgment, following the development of a more complete factual record.

Because the allegations in the four corners of the Complaint do not establish the existence of an implied, nonexclusive license, Defendants' motion to dismiss must be

denied.[2]  See, e.g., Ortiz, 2010 WL 5116129, at *1; McKenna, 386 F.3d at 436; Ghartey, 869 F.2d at 162.

     C.    Assa's Veil Piercing Argument

Assa moves, pursuant to Rule 12(b)(6), to dismiss the copyright infringement claim against him because Plaintiff "has not sufficiently plead[ed] . . . its entitlement to pierce the corporate veil and hold Assa personally liable."[3]  (Def. Mem. at 11.)

         1.    Applicable Law

"The doctrine of piercing the corporate veil is typically employed by a third party seeking to go behind the corporate existence in order to circumvent the limited liability of the owners and to hold them liable for some underlying corporate obligation."  Matter of Morris v. N.Y. State Dept. of Taxation and Fin., 82 N.Y.2d 135, 140-41, 603 N.Y.S.2d

---

[2]  And because Defendants' Rule 12(b)(6) motion is denied, their motion to dismiss the remaining state law claims for lack of subject matter jurisdiction is denied as moot.

[3]  The Court declines to consider Assa's argument, first raised on reply, that Plaintiff "pleads no more than conclusory statements as to Assa's individual liability for infringement."  (Def. Reply at 8.)  In his initial moving papers, Assa argues that the infringement claim against him must be dismissed because Plaintiff failed to allege sufficient facts to pierce the corporate veil.  (See Notice of Mot. at 1; Def. Mem. at 1; id. at 9-10; id. at 11 ("Plaintiff has not alleged any facts or circumstances that demonstrate that Assa exercised complete domination and control over the corporate defendant . . . .  Plaintiff has not sufficiently plead[ed] . . . its entitlement to pierce the corporate veil and hold Assa personally liable.").  In his reply memorandum, however, Assa appears to change course, arguing that Plaintiff has failed to state a claim as to his alleged liability:
> The general principles for piercing the corporate veil are still followed even in an infringement action.  Plaintiffs still must show domination.  The added bonus is that personal acts obviate the piercing doctrine.  But to do that, the complaint still has to set forth those facts or allegations of infringement. . . .  [Plaintiff] does not put forth any factual allegations of how Assa caused or continues to cause the infringement.

(See Def. Reply at 8-9.)  This new argument is improper on reply, and the Court does not consider it.  See, e.g., ABN Amro Verzekeringen BV v. Geologistics Ams., Inc., 485 F.3d 85, 97 n.12 (2d Cir. 2007); Johnson & Johnson v. Guidant Corp., 525 F. Supp. 2d 336, 359 (S.D.N.Y. 2007).

807, 623 N.E.2d 1157 (1993). An attempt to pierce the corporate veil is not a cause of action independent of that against the corporation; rather, it is "an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners." EED Holdings v. Palmer Johnson Acquisition Corp., 387 F. Supp. 2d 265, 273 (S.D.N.Y. 2004). See also Carruthers v. Flaum, 365 F. Supp. 2d 448, 474 (S.D.N.Y. 2005) (citing cases); 1 William Meade Fletcher, Fletcher Cyc. Corp. § 41.28 (2011). "Under New York law, a party seeking to pierce the corporate veil must generally show that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) . . . such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."[4] EED Holdings, 387 F. Supp. 2d at 273 (internal citations omitted).

Owners or officers of a corporation may, of course, be held liable for their own infringement absent application of the veil piercing doctrine. Indeed, Section 501 of the Copyright Act provides that "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of copyright." 17 U.S.C. § 501(a). Accordingly, "corporate officers can be held liable for the infringing acts of their corporations if they personally participated in the acts constituting infringement." Lechner v. Marco-Domo Internationales Interieur GmbH, No. 03 Civ. 5664, 2005 WL 612814, at *6 (S.D.N.Y. Mar. 14, 2005) (citing cases). It is thus unnecessary to pierce the corporate veil before imposing personal liability for copyright infringement on a corporate officer. See, e.g.,

---

[4] According to New York choice of law principles, the law of the state of incorporation determines when the corporate form may be disregarded. See, e.g., Moses v. Martin, 360 F. Supp. 2d 533, 541 n.33 (S.D.N.Y. 2004). Because 511 is a New York corporation, (Compl. ¶ 5), New York law determines whether the corporate veil may be pierced.

U2 Home Ent., Inc. v. Fu Shun Wang, 482 F. Supp. 2d 314, 318 n.4 (E.D.N.Y. 2007); Samet & Wells, Inc. v. Shalom Toy Co., 429 F. Supp. 895, 903-04 (E.D.N.Y. 1977). See also Fugazy Int'l Travel Group, Inc. v. Stargazer, Ltd., No. 02 Civ. 3373, 2003 WL 115220, at *2 (S.D.N.Y. Jan. 10, 2003) ("[I]f an individual actively and knowingly cause[s] the trademark infringement, he is personally responsible. Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing the corporate veil.") (internal quotations omitted).

2.    Application of Law to Facts

The Court rejects Assa's argument that, "because Plaintiff will not and cannot pierce the corporate veil," (Def. Mem. at 11), the infringement claim against Assa must be dismissed. Plaintiff need not pierce the corporate veil in order to hold Assa liable for his personal acts of infringement. See, e.g., Lechner, 2005 WL 612814, at *6. Plaintiff argues that Assa, "by and through his direct actions, committed copyright infringement." (Pl. Opp. at 7) (citing Compl. ¶ 6 ("Assa . . . was directly involved in the misappropriation of [Plaintiff's] intellectual property . . . ."); id. ¶ 28 ("Defendants have exploited the Website, the Promotional Materials, and the Logo for commercial gain without securing the rights to use the materials."); id. ¶ 29 ("Assa has aided and assisted [511] in the unauthorized exploitation of the Website, the Promotional Materials, and the Logo for his own financial gain.").) Accordingly, the Court denies Assa's motion to dismiss the copyright infringement claim against him for failure to allege facts sufficient to pierce the corporate veil.

If Plaintiff seeks to pierce the corporate veil, it needs to allege facts in support of its request. Accordingly, Plaintiff may (but need not) file an amended complaint that alleges facts sufficient to pierce the corporate veil. Any amended complaint must be served and filed by no later than three weeks from the issuance of this Opinion & Order.

IV. Conclusion

For the reasons stated above, the Court denies Defendants' motion to dismiss in its entirety. (Dkt. Entry No. 9.)

In the event that Plaintiff does not file an amended complaint, the parties are ordered to submit to the Court, by no later than six weeks from the issuance of this Opinion & Order, a joint status letter detailing how the parties intend to proceed, and whether they wish to be referred to a magistrate judge for settlement discussions.

SO ORDERED.

DATED:   New York, New York
         February 24, 2011

                                            /s/ Kimba M. Wood
                                            KIMBA M. WOOD
                                            United States District Judge